UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CARTHEN JR., #372072,

      Plaintiff,

                                                CASE NO. 2:16-CV-13219
v.                                            HONORABLE GERALD E. ROSEN

M.J. MARUTIAK, et al.,

      Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN
IN GOOD FAITH**

**I.**      **INTRODUCTION**

Michigan prisoner William Carthen Jr. ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging a restitution payment for medical expenses that is being deducted from his prison account as part of a disciplinary hearing sanction.  Plaintiff alleges that his due process rights are being violated.  He names a prison hearing officer, Corizon Health Inc., a contract compliance inspector, the director of the Michigan Department of Corrections, his current warden, and a prison business manager as the defendants in this action.  He sues the hearing officer in his official capacity and the other defendants in their personal and official capacities.  He seeks injunctive relief and monetary damages.

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In his pleadings, Plaintiff states that he was found guilty of a major misconduct for assault and battery and assessed 10 days detention, 30 days loss of privileges, and $5,748.35 (half of a total medical bill) as a sanction on January 15, 2015 and that

3

prison officials began deducting money from his prison trust fund account to satisfy the restitution order on January 26, 2015. Compl., p. 3. Plaintiff claims that the defendants are being "deliberately indifferent" to his constitutional rights and that his due process rights are being violated by "the unauthorized remittance of funds" from his prison account. Compl, p. 4. Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

  First, Plaintiff fails to state a constitutional/due process claim in his complaint. The Fourteenth Amendment to the United States Constitution provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). The United States Court of Appeals for the Sixth Circuit has held that a prisoner has a protected property interest in his or her inmate trust fund account. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). Consequently, Plaintiff may not be deprived of his prison account funds without due process of law. *See Wolff*, 418 at 566. Due process gives a person the right to notice and an opportunity to be heard before being deprived of any significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing cases); *see also Wolff*, 418 U.S. at 563-68 (minimal due process protections required before a prisoner may be deprived of a liberty interest are notice, written statement of reasons for the action,

4

and an opportunity to be heard).

In this case, Plaintiff admits that he had a major misconduct hearing, that he was found guilty of major misconduct assault and battery following that hearing, and that the disputed funds are being withdrawn as a sanction for that misconduct. While MDOC Policy Directive 04.02.105 requires that a fact-finding hearing be conducted pursuant to Administrative Rule 791.3310 before funds are removed from a prisoner's trust account, such a hearing is not required when a restitution order is issued by a hearing officer for a major or minor misconduct. MDOC Policy Directive 04.02.105, ¶ T. The record thus indicates that Plaintiff received all the process that he was due. He was given notice of the misconduct, an opportunity to be heard, and informed of the sanctions against him. Plaintiff alleges no facts contesting the misconduct hearing procedures themselves. He thus fails to state a due process claim in his complaint. *See, e.g., Payne v. Heyns, et al.*, No. 2:12-cv-312, 2012 WL 5182800, *4-6 (W.D. Mich. Oct. 18, 2012) (dismissing similar due process claim).

Second, and additionally, Plaintiff fails to allege the personal involvement of defendants Corizon Health, the contract compliance inspector, the director of the Michigan Department of Corrections, and the warden in the actions giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability

5

cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to Corizon Health, the contract compliance inspector, the director of the Michigan Department of Corrections, and the warden. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Moreover, any assertion that the defendants failed to supervise an employee, should be vicariously liable for another's conduct, erred in denying his grievances, and/or did not properly respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also fails to allege facts showing that any claimed injury is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). He thus fails to

state a claim against these defendants for this additional reason. Plaintiff's complaint must be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court **DISMISSES** with prejudice that civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
United States District Judge

Dated:  October 4, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 4, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135