UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CARTHEN JR., #372072,

        Plaintiff,

                                  CASE NO. 2:16-CV-13219
v.                                HONORABLE GERALD E. ROSEN

M.J. MARUTIAK, et al.,

        Defendants.

_____/

## ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

       This matter is before the Court on Plaintiff's motion to alter or amend the judgment in this case brought pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff essentially seeks reconsideration of the Court's decision dismissing his *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983 and seeks to proceed on an amended complaint.

       In his original complaint, Plaintiff challenged a restitution payment for medical expenses that is being deducted from his prison account as part of a disciplinary hearing sanction. Plaintiff alleged a violation of his due process rights and named a prison hearing officer, Corizon Health Inc., a contract compliance inspector, the director of the Michigan Department of Corrections, his current warden, and a prison

business manager as the defendants. The Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1983 because the misconduct hearing provided all the process that Plaintiff was due (as to all of the defendants) and because Plaintiff failed to allege facts showing the personal involvement of Corizon Health, the contract compliance inspector, the director of the Michigan Department of Corrections, and the warden in the actions giving rise to the complaint. Plaintiff now asserts that the Court erred in dismissing his complaint and/or that he should be allowed to proceed on an amended complaint.

Plaintiff's motion must be denied. A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court properly dismissed the complaint for the reasons stated in its opinion - the failure to state a due process claim and the failure to allege facts showing the personal involvement of certain defendants. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

In his motion, Plaintiff asserts that the defendants violated his due process

rights by imposing restitution as a disciplinary sanction for his misconduct because Administrative Rule 791.5505 has been rescinded.  Michigan Administrative Rule 791.5501, however, authorizes a hearing officer to impose disciplinary sanctions and MDOC Policy Directive 03.03.105, Attachment D authorizes restitution as a disciplinary sanction for a Class I Misconduct.  Plaintiff fails to show that the Court erred in dismissing his original complaint or that he should be allowed to proceed on an amended complaint.

In his motion, Plaintiff also attempts to assert new facts purportedly showing the personal involvement of Corizon Health, the contract compliance inspector, the director of the Michigan Department of Corrections, and the warden in the alleged due process violation.  Plaintiff, however, may not raise new allegations of fact in a motion for reconsideration.  *See Sault Ste. Marie Tribe of Chippewa Indian v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001) (citing cases).  Moreover, his new allegations do not establish the personal involvement of the aforementioned defendants in unconstitutional conduct – particularly since he fails to state a valid due process claim in his pleadings.  Plaintiff fails to show that the Court erred in dismissing his original complaint or that he should be allowed to proceed on an amended complaint.

Accordingly, for the reasons stated, the Court **DENIES** Plaintiff's motion to alter or amend the judgment.  Additionally, given this determination, the Court

**DENIES** Plaintiff's request to proceed on an amended complaint.  While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the complaint.  Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated.  *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994).  This case remains closed.  No further pleadings should be filed in this matter.

      **IT IS SO ORDERED**.


                s/Gerald E. Rosen
                United States District Judge

Dated:  October 31, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2016, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager, (313) 234-5135